# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERTO EGETOE,<br> Appellant, | DOCKET NUMBER<br> SF-0752-19-0586-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br> SECURITY,<br> Agency. | DATE: July 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cindy O'Keefe, Esquire, La Grange, Illinois, for the appellant.

Ronda Parker-Rice, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's penalty analysis, we AFFIRM the initial decision.

## BACKGROUND

The essential undisputed facts are fully set forth in the initial decision. By way of summary, the appellant was formerly employed as a Federal Air Marshal (FAM) with the Transportation Security Agency (TSA). Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 2. On December 10, 2018, the agency proposed the appellant's removal based on four charges: (1) Inappropriate Comments (seven specifications); (2) Misuse of Government Equipment (five specifications); (3) Lack of Candor (one specification); and (4) Failure to Follow Policy (one specification). ID at 2-5. After affording the appellant an opportunity to respond orally and in writing, the deciding official issued a decision sustaining Charges 1, 2, and 4 and all of their respective specifications, but he did not sustain the lack of candor charge. ID at 5-6. The deciding official further sustained the penalty of removal, and the agency removed the appellant, effective July 1, 2019. ID at 1, 6.

The appellant filed a Board appeal in which he did not dispute the agency's charges or specifications (with the exception of Charge 1, specification 7), but he

asserted that the penalty of removal was not reasonable. IAF, Tabs 1, 12. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the appellant's removal. ID at 1. The administrative judge found that the agency proved all three of its charges in light of the appellant's stipulations. ID at 12. The administrative judge further found that the deciding official properly weighed the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and the penalty of removal was reasonable. *Id.* She also found that the appellant failed to establish his disparate penalty claim. *Id.*

The appellant has filed a petition for review in which he asserts that the administrative judge erred in finding that the penalty of removal was reasonable. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 3, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The penalty of removal is reasonable.

When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 53 (2007); *see Douglas*, 5 M.S.P.R. at 305-06 (articulating a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct).[2] In making this determination, the Board must give due deference to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been

---

[2] Although TSA employees are not subject to the provisions of chapter 75 of Title 5 of the U.S. Code, *see Winlock v. Department of Homeland Security*, 110 M.S.P.R. 521, ¶ 5 (2009), *aff'd*, 370 F. App'x 119 (Fed. Cir. 2010), the Board has traditionally looked to the case law interpreting *Douglas* to analyze the penalty in TSA cases, and we do so here, *see Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 17-23 (2014).

properly exercised. *Pinegar*, 105 M.S.P.R. 677, ¶ 53. The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id*.

On review, the appellant disagrees with the administrative judge's finding that the deciding official appropriately weighed the *Douglas* factors and asserts that the administrative judge should have mitigated the penalty to a 30-day suspension. PFR File, Tab 1 at 8-9. In particular, he asserts that he showed potential for rehabilitation because he worked without incident during the agency's investigation of his misconduct. *Id.* at 5, 8-9. However, we agree with the administrative judge that the record reflects that the deciding official considered the relevant factors, including, among others, the nature and seriousness of the offense. ID at 12; *see Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18 (noting that the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibility, is the most important factor in assessing the reasonableness of the penalty). The administrative judge found that the deciding official considered that the appellant held a law enforcement position and was therefore subject to a higher standard of conduct as well as that the text messages that he sent were highly offensive and inconsistent with workplace policies and posed a potential for *Giglio* impairment.[3] ID at 12. Additionally, the record reflects that the deciding official considered the volume and repeated nature of the text messages and did not believe that the appellant expressed genuine remorse for his misconduct or understood the seriousness or offensiveness of his disparaging text messages.

---

[3] Under *Giglio v. United States*, 405 U.S. 150 (1972), investigative agencies must turn over to prosecutors any potential impeachment evidence concerning the agents involved in the case. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 4 n.1 (2012). The prosecutor will then exercise discretion regarding whether the impeachment evidence must be turned over to the defense. *Id.* Such potential impeachment evidence may render an agent's testimony to be of marginal value and place at risk any case that relies on such testimony. *Id.*

Hearing Transcript (HT) at 9-11; IAF, Tab 6 at 14. Thus, although the appellant may disagree with the removal penalty, we discern no error in the administrative judge's determination that the agency's selected penalty was entitled to deference. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

On review, the appellant disputes the consistency of the penalty and argues that approximately 10 other FAMs engaged in the same improper text messaging but only he and another FAM were removed, whereas a third FAM received a 5-day suspension and the others were not disciplined at all. PFR File, Tab 1 at 6-7. For an employee to be deemed comparable for purposes of penalty, his misconduct and/or other circumstances must closely resemble those of the appellant. *Singh,* 2022 MSPB 15, ¶ 13. Although the appellant cites to several examples of inappropriate text messages that he contends were sent by other FAMs, he does not identify which FAM sent which text messages. PFR File, Tab 1 at 6-7. Nonetheless, having reviewed the record, we find that these alleged comparators did not engage in misconduct substantially similar to the appellant's because, although three other FAMs may have also sent inappropriate text messages, the frequency of any such misconduct appears to have been far more limited than the appellant's misconduct. IAF, Tab 6 at 158, 164, 168-69. Likewise, regarding the FAM who received a 5-day suspension, the record reflects that his misconduct consisted of sending one inappropriate text message, failing to follow agency policy, and engaging in one instance of discourteous conduct toward his supervisor. IAF, Tab 11 at 23-26. We find such misconduct is not similar in nature and seriousness to the appellant's conduct.

Having considered the relevant *Douglas* factors, we agree with the administrative judge that removal is a reasonable penalty under the

circumstances. *See Wilson v. Department of Justice*, 68 M.S.P.R. 303, 310-11 (1995) (sustaining the appellant's removal based on a charge of disrespectful conduct and use of insulting abusive language to others, and noting that the use of insulting or abusive language to others is serious and unacceptable and that the Board has upheld removals for such misconduct); *cf. Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 14 (noting that the Board has held that removal is a proper penalty when a supervisor makes inappropriate comments of a sexual nature to coworkers), *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006).

The appellant's remaining arguments do not provide a basis for reversal.

On review, the appellant asserts that the administrative judge improperly excluded relevant testimony from the deciding official concerning the consistency of the penalty and the appellant's potential for rehabilitation. PFR File, Tab 1 at 5-7. He further asserts that agency counsel made improper speaking objections during the hearing that unduly prejudiced his right to a fair hearing. *Id.* at 5-6. It is well settled that an administrative judge has broad discretion to control the course of the hearing before her. *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 9 (2012). Rulings regarding the exclusion of evidence are subject to review by the Board under an abuse of discretion standard. *Id.*, ¶ 11. We have reviewed the record and find that the limits placed on the appellant's questioning of witnesses were within the administrative judge's broad discretion to control the hearing. 5 C.F.R. § 1201.41(b)(6); *see, e.g.*, *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (stating that an administrative judge has wide discretion to control the proceedings before him, to receive relevant evidence, and to ensure that the record on significant issues is fully developed); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (stating that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony he believes would be irrelevant or immaterial).

Finally, the appellant argues that the Office of Professional Responsibility (OPR) drafted the decision letter for the deciding official, demonstrating that the

deciding official disregarded his obligation to undertake an independent review of the appellant's case. PFR File, Tab 1 at 8. We disagree. Although the deciding official testified that the decision letter was drafted by OPR, he also testified that he provided the content through a conversation with OPR and that the content and decision were his and his alone. HT at 39-40. Thus, the record reflects that the removal decision was made by the deciding official. *See Fontes v. Department of Transportation*, 51 M.S.P.R. 655, 668 (1991) (stating that the ultimate decision sustaining a proposed disciplinary action must be made by the person deemed as the deciding official and not by some other individual); *see also Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 9 (2014) (disagreeing with the appellant's assertion that the deciding official simply followed the orders he was given and could not make an independent judgment and finding that the agency's procedures therefore satisfied the requirements of due process).

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S.420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.